UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
No. 5:24-CR-00039-DCR

UNITED STATES OF AMERICA                      PLAINTIFF

v.

ETHAN MCMANUS-SANNING                    DEFENDANT

### DEFENDANT ETHAN MCMANUS-SANNING'S MOTION FOR VARIANCE AND SUPPORTING MEMORANDUM

\* \* \* \* \*

Comes the Defendant, Ethan McManus-Sanning ("McManus-Sanning"), by counsel, and for his Motion for Variance pursuant to 18 U.S.C. § 3553(a)(2) and Memorandum in Support of his Motion for Variance and states as follows:

### THE SECTION 3553(a) SENTENCING FACTORS

The Court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). In fulfilling that directive, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States,* 518 U.S. 81, 113 (1996). "Underlying this tradition is the principle that 'the punishment should fit the offender and not merely the crime.'" *Pepper v. United States,* 562 U.S. 476, 487-88 (2011) (quoting *Williams v. New York,* 337 U.S. 241, 247 (1949)). "Both Congress and the Sentencing Commission thus expressly preserved the traditional discretion of sentencing courts to 'conduct an inquiry broad in scope, largely unlimited either as to the kind of information [they] may

23561155

consider, or the source from which it may come.'" *Id.* at 489 (quoting *United States v. Tucker,* 404 U.S. 443, 446 (1972)). As a result, the Sentencing Guidelines are only a "'starting point'" or an "'initial benchmark,'" with the district court retaining the discretion to impose a sentence "based on appropriate consideration of all of the factors listed in § 3553(a)." *Id.* at 490 (quoting *Gall v. United States,* 552 U.S. 38, 49-51 (2007)).

For the reasons set forth below, McManus-Sanning respectfully requests that the Court impose a sentence outside the applicable guideline range based upon the statutory sentencing factors found in 18 U.S.C. § 3553(a).

    A.   <u>**The nature and circumstances of the offense and the history and characteristics of the defendant**</u>

Pursuant to 18 U.S.C. § 3553(a)(1), the Court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The Supreme Court "has long recognized that sentencing judges 'exercise a wide discretion' in the types of evidence they may consider when imposing sentence and that '[h]ighly relevant – if not essential – to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics.'" *Pepper,* 562 U.S. at 480 (quoting *Williams,* 337 U.S. at 246-47). "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *United States v. Bryson,* 229 F.3d 425, 426 (2d Cir. 2000).

There are multiple circumstances of the offense and personal characteristics of McManus-Sanning which when considered individually, but certainly if considered collectively, justify imposition of a sentence outside the applicable sentencing guideline range.

First, the record and Presentence Investigation Report reflect that McManus-Sanning was engaged in the criminal conduct which is the subject of this prosecution for a limited time. The investigation by the Department of Homeland Security revealed that initial conduct leading to the

prosecution occurred in January 2023. McManus-Sanning was then confronted by investigators in April 2023 at which time he immediately admitted and accepted responsibility for his actions. He was then not arrested on the current indictment until over a year later, on May 5, 2024, and there is no indication he engaged in any similar activities between the time between his interview and arrest. Second, as noted above, McManus-Sanning immediately fully admitted his conduct and cooperated with the investigation. Finally, McManus-Sanning respectfully submits that his youth and lack of prior criminal history be taken into consideration.

### B.  The need for the sentence to deter, protect, and rehabilitate

If a sentence is to satisfy 18 U.S.C. § 3553(a)(2), it is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A); it is "to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); it is "to protect the public from further crimes of the defendant," § 3553(a)(2)(C); and it is "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(D). Given the factors cited above, a sentence outside the applicable guideline range would not undermine the need to deter similar conduct, protect the public or provide McManus-Sanning with any necessary rehabilitation.

### C.  The sentences available and the sentencing range

Section 3553(a)(3), (4), and (5) requires the Court to examine the "kinds of sentences available," as well as the impact of the United States Sentencing Guidelines ("USSG" or "Guidelines"). In making this analysis, courts have recognized that the Sentencing Guidelines are only a "'starting point'" or an "'initial benchmark,'" with the district court retaining the discretion to impose a sentence "based on appropriate consideration of all of the factors listed in § 3553(a)."

3

*Pepper,* 562 U.S. at 490 (quoting *Gall,* 552 U.S. at 49-51). The statutory mandatory minimum for the offense of conviction is five (5) years.

### D. Unwarranted sentence disparity must be avoided

Pursuant to 18 U.S.C. § 3553(a)(6), the Court is to observe "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The Supreme Court has observed that not every offense in a "like category calls for an identical punishment without regard to the past life and habits of the particular offender." *Williams,* 337 U.S. at 247. Given the facts of this case, McManus-Sanning's personal characteristics, and the conduct attributable to McManus-Sanning, and the mandatory minimum sentence required in this case, a sentence outside the applicable guideline range would not create sentence disparity.

### CONCLUSION

For all the foregoing reasons, McManus-Sanning respectfully requests that the Court grant his motion to impose a sentence outside the applicable guideline range and impose a five-year (sixty months) sentence under such other terms and conditions as the Court deems appropriate.

Respectfully submitted,

  */s/ John Kevin West*
John Kevin West (81802)
**STEPTOE & JOHNSON PLLC**
41 South High Street, Suite 2200
Columbus, Ohio 43215
(614) 458-9889 phone
(614) 221-0952 fax
kevin.west@steptoe-johnson.com

***Counsel for Defendant Ethan McManus-Sanning***

## CERTIFICATE OF SERVICE

Counsel hereby certifies that on September 13, 2024, a true copy of the foregoing was filed with the Clerk of the Court by using the Court's electronic filing system, which will send a notice of electronic filing to all counsel of record.

          /s/ *John Kevin West*
          John Kevin West (81802)
          *Counsel for Defendant Ethan McManus-Sanning*