UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CASE NO. 24-39-DCR

UNITED STATES OF AMERICA                                                                      PLAINTIFF

V.                       **RESPONSE TO MOTION FOR VARIANCE**

ETHAN McMANUS-SANNING                                                                  DEFENDANT

\* \* \* \* \*

Ethan McManus-Sanning pled guilty to charges that he received images of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). [R. 16: Plea Agreement]. The Presentence Report calculates that the Defendant's guideline range is 97-121 months of imprisonment. [PSR ¶ 50.] The Defendant has filed a motion for a variance, asking the Court to impose the statutory minimum penalty of 60 months. [R. 24: Motion for Variance.] The United States objects and believes a guideline range sentence is necessary to achieve the sentencing goals of 18 U.S.C. 3553(a).

McManus-Sanning argues that his youth and lack of criminal history warrant a significant variance to the minimum sixty-months allowed by statute. This argument should be rejected. McManus-Sanning's youth does nothing to detract from the seriousness of his crimes or the devastating impact of the offenses. Moreover, his lack of

1

criminal history has already been incorporated in the criminal history calculation of the applicable guideline range.

There is nothing mitigating about McManus-Sanning's conduct that would warrant a sentence significantly less than the applicable guideline range. McManus-Sanning had a sustained and ongoing sexual interest in minors. He was a member of numerous online groups dedicated to pornography, including child pornography. While a member of these groups, McManus-Sanning reached out to group members offering to sell child sexual abuse images. He took the affirmative step of paying money to receive multiple sexual abuse images and video, including some depicting the rape of children as young as three years old. In total over 500 images and 75 video depictions of the sexual assault or exploitation of children, including 21 known series, were located on McManus-Sanning's devices.

The seriousness of this crime cannot be understated as child sexual abuse images live forever on the internet. *See New York v. Ferber*, 458 U.S. 747, n.10 (1982) ("A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.") In addition, trading child sexual abuse material heightens the demand for such images and increases the risk additional children may be victimized. *See United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011) ("And as long as there is a demand [for] images of child pornography, there is going to be an unending stream of child abuse of children who are forced into these roles.") Moreover, traders of child pornography often form

communities, including the multiple online groups frequented by McManus-Sanning, that can normalize and encourage others interested in sexually molesting children.

A sentence within the guideline range is necessary to warn others considering similar conduct. Although traders and collectors of child sexual abuse material often have a compulsion for this material, they may still be deterred by law enforcement. Imposing a guideline sentence could reduce the abuse of children by others in this district who would consider receiving, possessing and trading such material. *See United States v. Widmer*, 511 F. App'x 506, 511-12 (6th Cir. 2013) ("sentence was necessary to send a signal to would-be offenders that receipt of child pornography carries significant consequences").

## CONCLUSION

The United States respectfully requests the Court deny McManus-Sanning's motion for a variance and impose a sentence of imprisonment within the recommended guideline range, to be followed by a substantial term of supervised release.

        Respectfully Submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By:    s/ Erin M. Roth
       Assistant United States Attorneys
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507-1612
       (859) 685-4872
       Erin.Roth@usdoj.gov

CERTIFICATE OF SERVICE

On September 17, 2024, I electronically filed this document through the ECF system, which will send notice of electronic filing to all counsel of record.

s/ Erin M. Roth
Assistant United States Attorney
